UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Mary C. Strom,

        Plaintiff,

vs.                            REPORT AND RECOMMENDATION

Michael J. Astrue,
Commissioner of Social
Security,[1]

        Defendant.         Civ. No. 07-150 (DWF/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Petition for an award of attorney's fees under the provisions of the Equal Access to Justice Act ("EAJA"). See, Title 28 U.S.C. §2412. For these purposes, the Plaintiff has appeared by Fay E. Fishman, Esq., and the Commissioner has appeared by Lonnie F. Bryan, Assistant United States

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security, and pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, we have substituted him as the named Defendant.

Attorney. For reasons which follow, we recommend an award of attorney's fees, under the EAJA, in the amount of $6,989.14.

## II.  Factual and Procedural History

The Plaintiff applied for DIB on January 14, 2004, at which time, she alleged that she had become disabled on March 30, 2002. Her application was denied initially, and the Plaintiff exhausted all available administrative remedies, prior to having an Administrative Hearing on July 5, 2006. In a decision dated August 25, 2006, an Administrative Law Judge ("ALJ") found that the Plaintiff was not disabled because, despite her impairments, she could perform a significant number of jobs in the relevant economy. The Appeals Council declined to review the ALJ's determination further, and therefore, the ALJ's decision became the final decision of the Commissioner. See, Grissom v. Barnhart, 416 F.3d 834, 836 (8th Cir. 2005); Steahr v. Apfel, 151 F.3d 1124, 1125 (8th Cir. 1998); Johnson v. Chater, 108 F.3d 942, 943-44 (8th Cir. 1997); 20 C.F.R. §416.1481.

Thereafter, this action was commenced in order to seek a judicial review of the Commissioner's final decision. After cross-Motions for Summary Judgment were filed, we issued a Report on January 28, 2008, which recommended that the decision of the Commissioner be reversed, and that the matter be remanded to the

Commissioner for further administrative action. By Order dated March 3, 2008, the District Court, the Honorable Donovan W. Frank, presiding, adopted our Recommendation, and Judgment was entered on the same date. See, <u>Shalala v. Schaefer</u>, 509 U.S. 202 (1993). The reversal and remand were predicated on our determination that the ALJ had failed to explain the basis for his rejection of the treating sources' medical opinions.

On March 21, 2008, the Plaintiff timely filed her Petition for an award of attorney's fees.[2] In her Application, the Plaintiff seeks attorneys' fees in the amount

---

[2]Title 28 U.S.C. §2412(d)(1)(B) provides, in pertinent part, as follows:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive award under this sub-section * * *.

An Equal Access to Justice Act ("EAJA") application may be filed "until 30 days after a judgment becomes 'not appealable' -- i.e., 30 days after the time for appeal has ended." <u>Shalala v. Schaefer</u>, supra at 302, citing <u>Title 28 U.S.C. §2412(d)(2)(G)</u>. Therefore, the EAJA's 30-day time limit runs from the end of the 60-day period for appeal, not from the beginning. <u>Id.</u>; see also, <u>Rule 4(a), Federal Rules of Appellate Procedure</u>.

There is no question as to the timeliness of the Application, since the Plaintiff's filing occurred well within the applicable period. <u>Title 28 U.S.C. §2412(d)(1)(B)</u>. Moreover, the Plaintiff sought and obtained a reversal and remand pursuant to
(continued...)

of $6,989.14, for 3.1 hours at $161.85 per hour, and 39.8 hours at $163.00 per hour, for work related to counsel's representation of the Plaintiff in this Court.

III.  Discussion

A.   Standard of Review.  The EAJA empowers a Court to award attorney's fees to a party who has prevailed in proceedings that involve a judicial review of a decision of a Federal Agency, unless the Court finds that the position of the Agency was "substantially justified," or that special circumstances would make an award unjust.  See, Title 28 U.S.C. §2412(d)(1)(A); see also, Eidoen v. Apfel, 221 F.3d 1342, 2000 WL 816243 at *1 (8th Cir., June 26, 2000); Herman v. Schwent, 177 F.3d 1063, 1065 (8th Cir. 1999).  The EAJA is a fee-shifting statute applicable to Social

---

(...continued)
Sentence Four of Title 42 U.S.C. §405(g), thereby qualifying as a "prevailing party." Shalala v. Schaefer, supra at 2631; Melkonyan v. Sullivan, 501 U.S. 89 (1991); Mills v. Sullivan, 782 F. Supp. 1347, 1348-49 (W.D. Mo. 1992).

In addition, in support of the Plaintiff's Application, her counsel submitted an Affidavit in which she attested to the Plaintiff's financial eligibility for an EAJA award, i.e., that she had a net worth, at the time of the filing of the action, of less than $2,000,000.00, see, Title 28 U.S.C. §2412(d) (2)(B).  See, Affidavit of Fay E. Fishman, Docket No. 28, at ¶8.  Such a showing of financial eligibility is a jurisdictional prerequisite for an EAJA award, and accordingly, we find that we may exercise jurisdiction over her claim.  See also, United States v. True, 250 F.3d 410, 421 (6th Cir. 2001); Singleton v. Apfel, 231 F.3d 853, 858 (11th Cir. 2000)(per curiam); Bazalo v. West, 150 F.3d 1380, 1383-84 (Fed. Cir. 1998); Dunn v. United States, 775 F.2d 99, 104 (3d Cir. 1985).

Security cases, see, Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994), and constitutes a limited waiver of sovereign immunity which must be narrowly construed in favor of the Federal Government.  See, Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 887 (8th Cir. 1995), citing Ardestani v. Immigration and Naturalization Serv., 502 U.S. 129, 135-37 (1991).

"Substantial justification" is determined on the basis of the Record in the civil action for which the fees are being sought, Title 28 U.S.C. §2412(d)(1)(B), and includes the agency action, or failure to act, upon which the civil action was based. Title 28 U.S.C. §2412(d)(2)(D); see also, Foley Construction Co. v. United States Army Corps of Engineers, 716 F.2d 1202, 1204 (8th Cir. 1983).  The substantial justification standard is not the legal equivalent of the substantial evidence test, which is applicable in a judicial review of the Commissioner's final decision.  A "substantially justified" position is one that is "clearly reasonable, well-founded in law and fact, and solid, though not necessarily correct." Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003), quoting Friends of Boundary Waters Wilderness v. Thomas, supra at 885; see also, Herman v. Schwent, supra at 1065 ("The Government proves its position was substantially justified by showing the position was '"justified in

substance or in the main" -- that is, justified to a degree that could satisfy a reasonable person.'"); SEC v. Zahareas, 374 F.3d 624, 626 (8th Cir. 2004)(same).

In contrast, substantial evidence is a more quantitative measure. It is evidence, in the Record as a whole, which a reasonable mind would accept as adequate to support a conclusion. See, Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir. 1996). These differing evidentiary standards make it possible for the Commissioner to lose on the merits of the disability issue, and yet win on the application for an EAJA award. See, Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991). "Further, a loss on the merits by the Commissioner does not give rise to a presumption that [he] lacked substantial justification for [his] position," but "[t]he Commissioner does * * * at all times bear the burden to prove substantial justification." Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005); Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 586 (8th Cir. 1996); Wheat v. Heckler, 763 F.2d 1025, 1028-29 (8th Cir. 1985).

    B.    <u>Legal Analysis</u>.

        1.    <u>Substantial Justification</u>.  After an independent review of the Commissioner's position, we conclude that he has not sustained his burden of demonstrating that his position, which was rejected by the District Court, was

substantially justified. Upon our careful review of the Commissioner's final decision to deny the Plaintiff benefits, we extensively detailed the errors of law, which were committed by the ALJ, and we recommended that the matter be remanded for further administrative proceedings. While not dispositive of the issue, we note that the Commissioner did not object to our Report and Recommendation, see, <u>Docket No. 22</u>, and that, following a <u>de novo</u> review, the District Court affirmed the Report and Recommendation in all respects, see, <u>Docket No. 23</u>, and no appeal from the District Court's Judgment was filed.

A detailed recitation of the ALJ's errors would be duplicative of our prior Report, and therefore, for these purposes, we briefly highlight the basis for our previous recommendation of a remand. We found that, in determining the Plaintiff's Residual Functional Capacity, the ALJ had improperly rejected the Plaintiff's treating physicians' assessments, without a meaningful discussion of his finding that the treating physicians' assessments were inconsistent with the Record, as a whole.

Notably, we found that the ALJ had "plainly resolved the conflicts in the medical opinion evidence, but we have no showing that he did so within the framework mandated by the Social Security Regulations." <u>Report and Recommendation</u>, <u>Docket No. 21</u>, at 67. Here, the ALJ's decision made no mention

of the factors which are imposed by the Regulations, for assigning weight to medical opinions.  See, 20 C.F.R. §404.1527(d) ("Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.").

We further found that "the effect of that error is particularly aggravated when the enigmatic course of fibromyalgia is involved." Report and Recommendation, supra at 67.  Accordingly, we recommended a remand, to clarify the basis for the ALJ's decision, because we found that the ALJ's decision contained "no more than a bald conclusion, which effectively precludes responsible judicial review." Id. at 69 [footnote omitted].

The Government suggests that, despite our finding -- that the ALJ's decision was unsupported by the proper analysis -- we should, nonetheless, find that the Commissioner was substantially justified in his position.  In support of that argument, the Government notes that, in our decision, we acknowledged that "the Commissioner [had] parsed the Record, and detailed a number of analyses that **could** have explained why the treating physicians' opinions were not entitled to great weight * * * ." Id. at 62. According to the Government, in cases where a remand is warranted, as here, because the ALJ's opinion is poorly articulated, as opposed to where there is a finding

that the Commissioner's position was improper on the merits, requests for EAJA fees should be denied.  See, Docket No. 31.

As a general proposition, we agree "that the failure of an ALJ to satisfy the minimal articulation standard 'in no way necessitates a finding that the [Commissioner's] position was not substantially justified,'" as "the level of articulation required by the ALJ may be 'far from precise.'"  Scott v. Barnhart, 2003 WL 1524624 at *2 (N.D. Ill., March 21, 2003), quoting Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir. 1992).  Thus, "where the question of the ALJ's failure to minimally articulate is a debatable one, a conclusion that the ALJ's decision falls on the wrong side of that line will not result in a finding that the Commissioner lacked substantial justification for her litigation position."  Id.

Here, however, we do not find that the ALJ's "failure to minimally articulate [to be] a debatable one." The ALJ's treatment of the treating physicians' opinions was relegated to five sentences in the decision.  What explanation the ALJ did offer, for discrediting those opinion, was cursory,  and failed to build an "accurate and logical bridge from the evidence to his conclusion." Scott v. Barnhart, supra at *4.[3]  It was

---

[3]For instance, the ALJ stated that he discredited Dr. Stormo's opinion because it was based solely on the Plaintiff's subjective complaints, rather than objective
(continued...)

the "absence of such a bridge [that] prevent[ed this] court from engaging in a meaningful review of the ALJ's decision." Id. We could not ascertain why the ALJ had discredited the treating sources and, because of that we could not ascertain what substantial medical evidence supported the RFC determination reached by the ALJ. See, e.g., Lauer v. Barnhart, supra at 765 ("A position which lacks any evidence in its support is no more well founded in fact than a position that ignores overwhelming adverse evidence.").

Given those plain, and fatal errors in the ALJ's treatment of the medical source opinions, we are unable to find this to be a case in which the ALJ's error was simply one of articulation -- that is, a mere error in opinion writing. See, Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004)(concluding that the Commissioner's position was not substantially justified where, "despite the mandate of [Social Security Ruling] 96-7p and court precedent, the body of the ALJ's decision contained no

---

(...continued)
findings. Missing from the ALJ's decision, however, is any suggestion as to how that should detract from the opinion of a treating physician's opinion. Further, the ALJ suggests that the opinions of Dr. Stenehjem-Kelsch, and Dr. Sczublewski, were devalued because, the ALJ asserted, they were not supported by objective findings, and were inconsistent with the record as a whole. Again, the ALJ did not detail any deficiencies, or inconsistencies, in the opinions of those treating sources, other than in the most conclusory way.

discussion of credibility and * * * he failed to apply the factors set forth in [Social Security Ruling] 96-7p."); compare <u>Myers v. Barnhart</u>, 518 F. Supp.2d 653, 656 (D.S.C. 2006)("If the government's position resulted from its failure to perform certain analyses required by the law and its regulations, the position was not substantially justified."), citing <u>Randolph v. Sullivan</u>, 738 F. Supp. 305, 306 (C.D. Ill. 1990).

While the Commissioner is correct, that we made no prediction as to whether the Plaintiff was, or was not, entitled to benefits, and merely noted that she might, ultimately, be found to be ineligible, that assertion does not counsel against an award of attorneys fees under the EAJA. Here, the Commissioner's position was not substantially justified, and therefore, we recommend that the Plaintiff's Motion for Attorney's Fees be granted.

      2.    <u>Reasonable Attorney's Fees</u>. Under the EAJA, an award of attorney's fees should be reasonable, and should be based upon the prevailing market rate for the kind and quality of the services furnished, with the proviso that a fee should not exceed $125.00 per hour, unless the Court determines that an increase in the cost-of-living, or some other special factor, justifies a higher fee. See, <u>Title 28 U.S.C. §2412(d)(2)(A)</u>.

Enhancement of the statutory cap is left to the discretion of the District Court. Of course, the District Court may, upon proper proof, increase the $125.00 per hour rate for attorney's fees, in order to reflect the increase in the cost-of-living since EAJA set that rate in March of 1996. See, Title 28 U.S.C. §2412(d)(2)(A)(ii); Lowe v. Apfel, 65 F. Supp.2d. 989, 990 (N.D. Iowa 1999), citing Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994)(holding under previous statutory rate). The Court may also increase that rate if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, would justify the higher fee. Title 28 U.S.C. §2412(d) (2)(A)(ii).

The EAJA does not contemplate that the $125.00 per hour rate should become the minimum, ordinary, or standard rate, upon which EAJA awards are calculated but, rather, that the sum should serve as the presumed reasonable maximum hourly rate, irrespective of the prevailing rates in the local or national markets for attorneys who demonstrate an acceptable degree of professional skill, expertise and diligence. Counsel for the Plaintiff has represented that, applying the current local Consumer Price Index to the $125.00 hourly rate, yields an hourly rate of $161.85 for the year 2006, and $163.00 for the years 2007 and 2008, see, Plaintiff's Memorandum in Support, Docket No. 27, at 5-6, which is also the prevailing hourly rate for the types

of services that she has provided to the Plaintiff. See, <u>Affidavit of Fay Fishman, Docket No. 28</u>, at ¶7.

In the absence of any objection from the Government, and upon our independent consideration, we find that the rates, which are identified by the Plaintiff, are justified by the increased cost of living. We note, as well, that, in the absence of any objection from the Government, and upon our independent review, the number of hours, which are claimed by the Plaintiff's attorney in prosecuting the Plaintiff's claim, was reasonable. Thus, we find the appropriate fee to be $6,989.14, which is the sum of $161.85 per hour times 3.1 hours, plus $163.00 per hour times 39.8 hours, is a reasonable award of attorneys' fees under all of the circumstances presented here.[4]

NOW, THEREFORE, It is --

---

[4] Since the Plaintiff has not had a final adjudication of her claim for benefits, we cannot now require an offset of any awarded EAJA fees, from those owing on account of a back pay award. If such an offset is due, we are confident that counsel for the Plaintiff, who has substantial experience in such matters, can assure that the Congressional intendment, that EAJA fees should minimize the litigation costs of the claimant, will be honored. See, <u>Ross v. Douglas County, Nebraska</u>, 244 F.3d 620, 622 (8th Cir. 2001), citing <u>Talbott v. Bowen</u>, 832 F.2d 111 (8th Cir. 1987).

RECOMMENDED:

1. That the Plaintiff's Motion for an Award of EAJA Fees [Docket No. 26] be granted.

2. That pursuant to the Equal Access to Justice Act, that a total of $6,989.14, in costs and attorney's fees, be awarded to the Plaintiff.

Dated: April 28, 2008          *s/Raymond L. Erickson*
                               Raymond L. Erickson
                               CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 15, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 15, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.